23-7037
Dhali v. Bondi

BIA
A205 879 064

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of April, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> BETH ROBINSON,
> *Circuit Judges.*

_____

HARUN DHALI,
> *Petitioner*,

v.                                                      **23-7037**
                                                        **NAC**

PAMELA BONDI,UNITED STATES
ATTORNEY GENERAL,
> *Respondent.**

_____

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Pamela Bondi is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

**FOR PETITIONER:** Khagendra Gharti-Chhetry, Esq., New York, NY.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Kathleen Kelly Volkert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harun Dhali, a native and citizen of Bangladesh, seeks review of an August 14, 2023 decision of the BIA denying his motion to reopen his removal proceedings for further consideration of his application for relief under the Convention Against Torture. *In re Harun Dhali*, No. A205-879-064 (B.I.A. Aug. 14, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

Movants seeking to reopen proceedings generally may file only one such motion, and must do so no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). But the time limit does not apply if the motion seeks relief "based

2

on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii) (excusing time and number limits for "changed circumstances arising in the country of nationality").

If a claim for relief was previously denied based on an adverse credibility finding, "to prevail on a motion to reopen alleging changed country conditions . . . , the [movant] must either overcome the prior determination or show that the new claim is independent of the evidence that was found to be not credible." *Matter of F-S-N-*, 28 I. & N. Dec. 1, 3 (B.I.A. 2020); *see also Kaur v. Board of Immigration Appeals*, 413 F.3d 232, 234 (2d Cir. 2005).

We review the BIA's denial of a motion to reopen for abuse of discretion and findings regarding changed country conditions for substantial evidence. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008).

Dhali's 2021 motion to reopen was untimely and number-barred because it was his second such motion, and he filed it more than four years after his removal order became final in 2016. *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R.

3

§ 1003.2(c)(2). In his motion, Dahli asserted that Awami League members threatened his family and beat his mother in 2020 and 2021 on account of his political activities, and that this constituted a change in circumstances excusing his untimely and number-barred filing.

The BIA did not abuse its discretion in declining to reopen, and its finding that the changed conditions exception was inapplicable is supported by substantial evidence.

The BIA reasonably determined that the new evidence submitted by Dhali does not sufficiently address the agency's adverse credibility determination relating to Dhali's original claim for CAT protection, and does not establish his claim independent of that determination. *See Matter of F-S-N-*, 28 I. & N. Dec. at 3; *see also Kaur*, 413 F.3d at 234. There is no merit to Dhali's argument that the underlying adverse credibility determination did not impact the claim raised in his motion to reopen because both his underlying claims and the claim in his motion are based on his assertion that Awami League members harmed and continue to seek to harm him on account of his prior political activities—a claim the agency found not credible in its underlying ruling.

Moreover, even crediting Dhali's argument to this Court that his country

4

conditions evidence shows that Awami League members have become more violent against opposing political party member since the time of his hearing—an assertion he did not make in his motion to reopen—any such change would not be material in light of his failure to rebut the finding that he was not credible as to his political involvement. *See Kaur*, 413 F.3d at 234 (finding no error in the BIA's determination that "evidence submitted by petitioner in support of . . . motion was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application").

Because Dhali failed to submit evidence overcoming the agency's underlying adverse credibility determination, the BIA did not abuse its discretion in denying his untimely and number-barred motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(A), (C); 8 C.F.R. § 1003.2(c)(2); *see also Kaur*, 413 F.3d at 234; *Matter of F-S-N-*, 28 I. & N. Dec. at 3.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

</div>

5